**SIGNED THIS: May 25, 2006**

_____
**GERALD D. FINES
UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

IN RE:                                              )
                                                    )
TIMOTHY JOSEPH TROST and                            ) Bankruptcy Case No. 05-92913
ANGELA LEE TROST,                                   )
                                                    )
                    Debtors.                        )

PEOPLE OF THE STATE OF                              )
ILLINOIS,                                           )
                                                    )
                    Plaintiff,                      )
                                                    )
    vs.                                             ) Adversary Case No. 05-9115
                                                    )
TIMOTHY JOSEPH TROST,                               )
                                                    )
                    Defendant.                      )

OPINION

This matter having come before the Court on a Motion to Dismiss Adversary Complaint filed by the Debtor/Defendant, Timothy Joseph Trost; the Court, having heard arguments of counsel and having reviewed written memoranda of the parties, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The material facts in this matter are not in serious dispute and are, in pertinent part, as follows:

1. The Debtors filed for relief under Chapter 7 of the Bankruptcy Code on August 15, 2005.

2. Notice of the Debtors' Chapter 7 bankruptcy proceeding was mailed to all creditors listed in the Debtors' schedules on August 18, 2005. Said notice specifically stated that the deadline to file a complaint objecting to discharge or to determine dischargeability of certain debts was November 13, 2005, and that the Debtors' first meeting of creditors, pursuant to 11 U.S.C. § 341, was to be held on September 14, 2005.

3. The Debtors' Section 341 meeting with creditors was held as scheduled on September 14, 2005, and the Debtors were subsequently granted a discharge on December 6, 2005.

4. Prior to the Debtors filing for relief under Chapter 7, the Attorney General of the State of Illinois was investigating certain consumer complaints filed against the Debtor, Timothy Joseph Trost, with its office by various creditors that were listed and scheduled in Debtors' bankruptcy petition. Although an investigation was underway by the Attorney General, no legal action had been taken against the Debtor, Timothy Joseph Trost, in that matter, and no judgment had been obtained.

5. The Attorney General's Office was not listed as a creditor in Debtors' bankruptcy petition, based upon the undisputed fact that the Attorney General had not taken any type of a judgment against the Debtor, Timothy Joseph Trost, through State legal proceedings. However, the creditors who had filed complaints with the Attorney General against the Debtors were scheduled in Debtors' bankruptcy proceeding and did receive notice of Debtors' Chapter 7 filing, including the applicable deadlines.

6. The Attorney General's Office admits that, on October 18, 2005, some 28 days before the deadline expired to file complaints to determine dischargeability, it inadvertently

learned of the Debtors' Chapter 7 filing after reviewing a consumer complaint that was filed with the Attorney General's Office against the Debtor, Timothy Joseph Trost.

      7.    Although it was aware of the impending deadline for the filing of complaints to determine dischargeability, the Attorney General's Office took no action until it filed the instant Adversary Complaint on December 15, 2005, some 9 days after the Debtors received their discharge in bankruptcy, and over two months after the expiration of the deadline for filing complaints under 11 U.S.C. § 523.

      8.    On January 31, 2006, Debtor, Timothy Joseph Trost, filed the instant Motion to Dismiss Adversary Complaint stating as a basis for the relief requested that the Plaintiff's Adversary Complaint was untimely, pursuant to the provisions of Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

Conclusions of Law

Although it does not dispute that the instant adversary proceeding was filed well past the deadline established by Rule 4007(c), the Plaintiff asserts that it should be excused from the time limit therein for the reason that it did not receive at least 30 days notice of the Rule 4007(c) deadline. The Plaintiff admits that it did receive actual notice of the Debtors' Chapter 7 bankruptcy filing 28 days before the expiration of the deadline for filing complaints under 11 U.S.C. § 523. However, the Plaintiff cites two cases in particular that it believes support its position. Those cases are In re Shaheen, 174 B.R 424 (Bankr. E.D. Va. 1994); and In re Burrier, 184 B.R. 32 (Bankr. N.D. Ohio 1995).

Although this Court agrees with the reasoning set forth in the Burrier and Shaheen cases cited by the Plaintiff, it finds that the facts of those cases are clearly distinguishable from the facts of the present case. In the case at bar, the Plaintiff complains that it never received formal notice of the Debtors' Chapter 7 bankruptcy proceeding and that it only inadvertently discovered Debtors' Chapter 7 filing 28 days before the expiration of the deadline proscribed by Rule 4007(c) of the Federal Rules of Bankruptcy Procedure. Unlike the creditors in the Burrier and Shaheen

3

cases, the Plaintiff in the instant case was not technically a creditor of the Debtor, Timothy Joseph Trost, at the time Debtors filed for relief under Chapter 7 of the Bankruptcy Code. Thus, the Court finds that there was nothing inherently wrong in the Attorney General's failure to receive formal notice. Furthermore, the Court finds that the creditors on whose behalf the Attorney General's Office was investigating were listed in the Debtors' bankruptcy petition and did receive notice of the Debtors' Chapter 7 bankruptcy filing and of the pertinent deadlines. The undisputed facts in this case clearly establish that the Plaintiff had ample notice of the impending deadline to file complaints under 11 U.S.C. § 523, and that Plaintiff could have easily asked for an extension of that deadline prior to its expiration. However, the Plaintiff chose to do nothing until filing its Adversary Complaint over 60 days after the expiration of the deadline, and some 9 days after the Debtors' Chapter 7 discharge was granted.

The Seventh Circuit Court of Appeals in the case of In re Kontrick, 295 F.3d 724 (7th Cir. 2002), found that the deadlines established by Bankruptcy Rules 4004(a) and 4007(c) were not jurisdictional, but were subject to equitable defenses. The Court further found, at page 733:

> . . . These rule provisions are subject to equitable defenses, although those defenses must be applied in a manner consistent with the manifest goals of Congress to resolve the matter of dischargeability promptly and definitively in order to ensure that the debtor receives a fresh start unobstructed by lingering doubts about the finality of the bankruptcy decree.

Under the facts of the instant case, this Court finds that the action of the Plaintiff in filing a complaint over 60 days past the expiration of the 4007(c) deadline is untimely and without excuse under the Rule. The Plaintiff had ample notice of the Debtors' Chapter 7 bankruptcy filing and of the applicable deadlines, and could have simply requested an extension of time, thus avoiding violation of the Rule.

###